UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAMIRO PEREZ-CONTRERAS,

        Petitioner,

v.                                               Case No. 05-C-1109

UNITED STATES OF AMERICA,

        Respondent.

**ORDER**

Petitioner filed this petition pursuant to 28 U.S.C. § 2255, asserting that his conviction and sentence in this court in Case No. 03-CR-251 for conspiracy to distribute marijuana were imposed in violation of the Constitution. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2255 Cases, which reads:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rule 4(b), Rules Governing § 2255 Cases.

Petitioner claims his counsel was ineffective for failing to advise him properly about the Sentencing Guidelines. Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington,* 466 U.S. 668 (1984), so the petitioner at least raises a colorable constitutional issue. His claim is based on the government's objection to his receiving a lower sentence under U.S.S.G. § 5C1.2 because he refused to meet with the government. The fifth factor in § 5C1.2(a) requires that the defendant, prior to sentencing, cooperate in giving all

information he has about the crime to the government. Due to fear of reprisals in his native Mexico, the petitioner did not apparently want to meet with the government. But if his counsel had told him the importance of doing so, he claims he would have met with them and then presumably qualified for a lesser sentence under § 5C.1.2.

The petitioner also moves for appointment of counsel. A § 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel. *Rauter v. United States,* 871 F.2d 693 (7th Cir.1989). Rule 8(c) of the Rules Governing § 2255 Proceedings requires that counsel be appointed for indigent prisoners if an evidentiary hearing is required, but it is not clear that an evidentiary hearing will be required. A district court also has discretion to appoint counsel for a person seeking § 2255 relief under 18 U.S.C. § 3006A. Under § 3006A, the district court should appoint counsel for persons who are financially eligible "if the interests of justice so require." In deciding whether to appoint under § 3006A, the court should consider: (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present the case; and (5) complexity of the legal issues raised by the complaint. *Wilson v. Duckworth,* 716 F.2d 415, 418 (7th Cir.1983). In this case, I do not believe that the issues are particularly complex, and I am also persuaded that the petitioner is able to adequately present his case. Accordingly, the motion to appoint counsel will be denied. Upon receiving the government's response, I will revisit the issue of appointed counsel in the event it appears an evidentiary hearing is required or the issue turns out to be more complex than it appears at this stage.

Petitioner filed with his petition an application for leave to proceed in forma pauperis. Because a § 2255 motion is not considered a new civil action, however, it does not require any filing fees. Accordingly, the motion is denied as moot.

IT IS ORDERED that, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, within 45 days of the date of this order, the United States Attorney in and for the Eastern District of Wisconsin shall serve and file an answer or responsive pleading, together with a legal brief or memorandum in support thereof, that complies with Rule 5 of the Rules Governing § 2255 Proceedings. Petitioner may file a reply within 30 days of the filing of the government's answer and/or responsive pleading.

FURTHER, IT IS ORDERED that petitioner's motion for appointment of counsel is denied.

FURTHER, IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis is denied as moot.

Dated this <u>31st</u> day of October, 2005.

                                                                              s/ William C. Griesbach
                                                                              WILLIAM C. GRIESBACH
                                                                              United States District Judge